**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRCT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ASHLEY ARCE | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. NO. _____ |
| | § | |
| RONNIE CORNELIUS | § | |
| WALTON, JR AND TENNESSEE | § | |
| STEEL HAULERS, INC. | § | |
| | § | |
| | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES Plaintiff ASHLEY ARCE complaining of Defendants RONNIE CORNELIUS WALTON JR. AND TENNESSEE STEEL HAULERS for cause of action would respectfully show this Honorable Court the following:

### I.   FACTUAL BACKGROUND

1. On August 4, 2022, Plaintiff Ashley Arce was travelling on South Main and 610 in Harris County, when her vehicle was struck by Defendants' commercial vehicle. Defendant, in the course and scope of his employment/agency with Tennessee Steel Haulers, Inc, operated an 18-wheeler carrying cargo in its trailer. Defendant Walton suddenly and without warning veered in to Ms. Arce's lane, and caused an impact and which resulted in damages to Plaintiff's vehicle and her body.

2. The significant speed and weight of Defendants' 18-wheeler entering Plaintiff's lane caused damage to Plaintiff's vehicle, and she suffered back injuries.

3. This case is about holding a trucking company and its driver responsible when the driver operated a large commercial vehicle in a dangerous and reckless manner that caused injuries to

1

Plaintiff. The incident caused Plaintiff to suffer significant orthopedic injuries to her body, including but not limited to her back. Plaintiff continues to suffer from her injuries, and now brings this suit to recover for her damages.

## II. PARTIES

4. Plaintiff Ashely Arce is an individual residing in Houston, Harris County, Texas.

5. Defendant Ronnie Cornelius Walton, Jr. is an individual residing Arkansas. He can be served with process through the Texas Transportation Commission, J. Bruce Bugg, Jr., Chairman Texas Transportation Commission 125 E. 11th Street Austin, Texas 78701-2483 at his place of residence at 133 Little River 175, Foreman, AR 71836 or wherever he may be found.

6. Defendant Tennessee Steel Haulers, Inc. is a foreign for-profit corporation based in Nashville, TN at 2607 Brick Church Pike, Nashville, TN 37207. It may be served by and through its registered agent CT Corporation System 1999 Bryan St. Suite 900 Dallas, TX 75201-3136 USA.

## III. VENUE AND JURISDICTION

7. Venue and jurisdiction are proper in this Court. This Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1332, because the plaintiff and Defendants are citizens of different states and under diversity of citizenship, the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States, excluding costs and interest.

8. Venue is proper in this district under 28 USC 1391(b)(2) because a substantial part of the vents or omission giving rise to this claim occurred in this district and in Harris County, Texas. The relief requested is within the jurisdictional limits of this Court. The exercise of personal jurisdiction over Defendants is proper as all of them conduct business in Texas. This court has proper diversity jurisdiction because complete diversity exists amongst the parties.

2

## IV. <u>CAUSES OF ACTION</u>

### A. NEGLIGENCE – DEFENDANT WALTON

9. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

10. Defendant Walton had a duty to exercise ordinary care and operate the vehicle in a reasonable and prudent manner. This is even more important when Defendants owned and/or operated a dangerous and heavy carrier truck, capable of causing serious bodily injury and death. Defendants breached that duty. The negligence of Defendant Walton was the proximate cause of Plaintiff's injuries.

11. Defendant breached the duty of reasonable care in one or more of the following ways, among others:

    a. Failing to pay proper attention to the surroundings;

    b. Failing to control speed;

    c. Failing to keep a proper lookout;

    d. Failing to observe and follow traffic laws, and to ensure employees or contractors observed and followed those laws;

    e. Failing to recognize and remediate hazards;

    f. Failing to signal before changing lanes;

    g. Failing to look twice before changing lanes;

    h. Failing to safely change lanes;

    i. Driving erratically;

    j. Failing to keep the vehicle under proper control;

    k. Failing to enforce safety rules;

    l. Participating in and contributing to the acts that cause the incident in question; and

    m. Violating various statutes and regulations, including the Texas Transportation Code.

12. Each of these acts and omissions, singularly or in combination with others, constitutes negligence, which was the direct and proximate cause of this incident and the injuries sustained by Plaintiff.

### B. RESPONDEAT SUPERIOR/VICARIOUS LIABILITY – TENNESSEE STEEL

13. Plaintiff re-alleges each aforementioned allegation. Defendant Tennessee Steel Haulers, LLC is responsible for the conduct of its agents, including Defendant Walton, due to the relationship that existed, among other acts and omissions of negligence which may be shown during the trial of this cause.

14. Defendant Walton was an agent and/or servant of Defendant Tennessee Steel Haulers, LLC. As such, TENNESSE STEEL HAULERS, LLC exercised control of Defendant Walton, and at the time of the incident, Defendant Driver was operating within the scope of his employment for TENNESSEE STEEL HAULERS, LLC . As such, TENNESSEE STEEL HAULERS, LLC is responsible for the conduct and damages caused by its Defendant Walton's conduct.

### C. NEGLIGENCE PER SE - WALTON

15. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

16. Defendant Walton conduct was negligence per se because of a breach of duty imposed by statute. This breach caused Plaintiff's injuries. Specifically, there was a breach of duties imposed by statutes and state law, including, but not limited to, the following:

a. TEX. TRANSP. CODE ANN § 545.351 An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing;

b. TEX. TRANSP. CODE ANN § 545.062 An operator shall maintain an assured clear distance between himself and the vehicle ahead of him so that the operator can safely stop without colliding with the preceding vehicle; and

c. TEX. TRANSP. CODE ANN. § 545.401: A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

d.	TEX. TRANSP. CODE ANN. § 545.060 An operator (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely.

17.	Plaintiff is within the class of individuals intended to be protected by these statutes. The statutes are ones for which tort liability may be imposed. The breach of the statutory duties proximately caused Plaintiff's injuries.

### D. GROSS NEGLIGENCE

18.	Plaintiff will further show that the acts and/or omissions of Defendants as described above, when viewed objectively from their standpoint, involve an extreme degree of risk considering the probability and magnitude of the potential harm to others. Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of the others, including Plaintiff. As such, these actions and omissions constitute gross negligence and malice as those terms are understood by law. Plaintiff thus seeks punitive damages.

## V. DAMAGES

19. As a direct and proximate result of the Defendants' negligent acts and/or omissions, Plaintiff has suffered substantial damages for which she seeks recovery from Defendants. Plaintiff prays that she recovers a judgment from Defendants for damages in excess of $2,000,000 and that she recovers from Defendants for the following:

a.	Physical pain and suffering in the past;

b.	Physical pain and suffering in the future;

c.	Mental anguish in the past;

d.	Mental anguish in the future;

e.	Physical impairment in the past;

5

f.  Plaintiff will, in all reasonable probability, suffer physical impairment in the future;

g.  Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of injuries resulting from the incident complained of herein, and such charges were reasonable and were usual and customary charges for such services;

h.  Plaintiff will, in all reasonable probability, incur reasonable and necessary medical care and expenses in the future;

i.  Disfigurement in the past;

j.  Disfigurement in the future;

k.  Loss of earning capacity in the past;

l.  Plaintiff will, in all reasonable probability, incur loss of earning capacity in the future;

m.  Loss of household services in the past;

n.  Loss of household services in the future;

o.  Cost of monitoring and prevention in the future;

p.  Punitive damages in such amount as may be found proper and just under the facts and circumstances as determined by the jury;

q.  Costs of suit;

r.  Prejudgment and post-judgment interest; and

s.  All other relief to which Plaintiff may be justly entitled.

## VI. REQUEST FOR JURY TRIAL

20. Plaintiff respectfully demands a jury trial and tenders the appropriate fee.

## VII. CONDITIONS PRECEDENT

21. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendants.

## VIII.
## PRESERVATION OF EVIDENCE

22. Plaintiff hereby requests and demands that each Defendant, including its officers, administration, employees, agents, associates, and third-party administrators, preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom, including statements, photographs, videotapes, audiotapes, surveillance or security tapes, business or medical records, incident reports, bills, telephone call slips or records, correspondence, facsimiles, emails, voicemails, text messages, policies, contracts, agreements of any kind, procedures, bylaws, and any evidence involving any facts stated in this petition and the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## PRAYER

22.     By reason of all the above and foregoing, Plaintiff is entitled to recover from Defendants the damages set forth in this petition, jointly and severally, within the jurisdictional limits of this Court. Plaintiff seeks damages over $2,000,000. Plaintiff also seeks pre- and post-judgment interest at the maximum legal rate, costs of court, and any other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

### THE BUZBEE LAW FIRM

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
Attorney-in-charge
State Bar No. 24001820
Fed. ID No. 22679
Caroline E. Adams
State Bar No: 2401198

        Fed. ID. 27655
        JP Morgan Chase Tower
        600 Travis, Suite 6850
        Houston, Texas  77002
        Telephone: (713) 223-5393
        Facsimile: (713) 223-5909

        **ATTORNEYS FOR PLAINTIFF**